# Exhibit 3

MP FOIA 24.2.9.0

# Appeal

| | |
|---|---|
| Appeal Information | |
| Appeal Number | A-2026-01822 |
| Received Date | 07/06/2026 |
| Due Date | 08/03/2026 |
| Receipt Method | Electronic |
| Postmark Date | |
| Appeal Is In Litigation | No |
| Unusual Circumstances | |
| Track | |
| Agency | OIP |
| Document Delivery Method | Email |
| Topic | |
| Litigation Information | |
| Litigation Number | |
| First Name of Litigator | |
| Last Name of Litigator | |
| Case Name | |
| Federal District Court | |
| Date of Final Adjudication by Court | |
| Request Information | |
| Request Number | 26-05761-F |
| Request ID | |
| Component | DEA |

| | |
|---|---|
| Subject of Request | Jeffrey Epstein |
| Basis for Appeal | |
| Description of Appeal | I appeal the Drug Enforcement Administration's determination that it located no records responsive to my FOIA request. |

My request sought records associated with specific, identifiable DEA and Organized Crime Drug Enforcement Task Force (OCDETF) investigative matters concerning Jeffrey Epstein. Among other things, the request identified:

DEA investigative case number C1-110049;
OCDETF case number NY-NYS0829;
Operation Chain Reaction;
investigative identifiers OFC-TP-15-12392 and SODOFC-15-12392; the "Target Profile: Epstein," dated May 18, 2015; and records reflecting communications and coordination between DEA and the OCDETF Fusion Center, DEA Special Operations Division, FBI, ICE/HSI, FinCEN, the Department of State, and the U.S. Attorney's Office for the Southern District of New York.

The DEA denied my request on the ground that it conducted a search by querying the DEA Investigative Reporting and Filing System (IRFS) and located no responsive records.

That determination does not establish that DEA conducted a search reasonably designed to uncover responsive records, as required by FOIA.

The agency bears the burden of demonstrating the adequacy of its search. Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990). To satisfy that burden, an agency must show that it searched those record systems reasonably likely to contain responsive records using methods reasonably calculated to locate them. Oglesby v. Department of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

DEA's determination contains only the conclusory statement that it "queried the DEA Investigative Reporting and Filing System (IRFS)." It does not explain:

what search terms were used;
whether the search included the specific DEA investigative case number identified in my request (C1-110049);
whether the search included the OCDETF case number NY-NYS0829; whether the search included the investigative identifiers OFC-TP-15-12392 or SODOFC-15-12392;
whether "Operation Chain Reaction" was searched as an investigative identifier; whether "Target Profile: Epstein" or the May 18, 2015 target profile was searched;
whether searches were conducted using Jeffrey Epstein's name as a subject, cross-reference, alias, or investigative reference; whether cross-reference indices, investigative indices, or related IRFS indexing fields were searched;
whether DEA searched records maintained by the Special Operations Division, OCDETF liaison components, intelligence units, or other DEA offices reasonably likely to possess responsive records; or whether electronic communications responsive to the request were searched.

Without this information, DEA has not demonstrated that its search was reasonably calculated to uncover responsive records to my request.

My request itself provided clear leads that should have guided the agency's search. In Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 327 (D.C. Cir. 1999), the court held that when a requester identifies specific leads regarding the location of responsive records, an agency must pursue those leads if they are reasonably likely to produce responsive documents. Likewise, Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 890-92 (D.C. Cir. 1995), makes clear that an agency may not limit its search in a manner that ignores record systems reasonably likely to contain responsive material.

My request did precisely what FOIA encourages: it identified specific investigative file numbers, operation names, OCDETF identifiers, and intelligence products that were already known to exist and were released by the Department of Justice in response to the Epstein Files Transparency Act.

Among the documents publicly released was the May 18, 2015 Target Profile: Epstein, which expressly identifies DEA investigative case C1-110049, OCDETF case NY-NYS0829, and related investigative identifiers.

Given that DOJ has already officially disclosed a document identifying these DEA investigative references, DEA's response does not explain how a search

using those identifiers yielded no responsive records. Nor does the response indicate whether those identifiers were searched at all.

Moreover, substantial portions of my request sought records that may not reside solely within a traditional investigative case file, including communications and coordination between DEA and the OCDETF Fusion Center, DEA Special Operations Division, FBI, ICE/HSI, FinCEN, the Department of State, and the U.S. Attorney's Office for the Southern District of New York. DEA's response provides no indication that searches were conducted in any record systems reasonably likely to contain such communications.

Because the agency has not described an adequate search, the "no records" determination cannot be sustained.

I request that DEA's determination be reversed and that DEA conduct a new search reasonably designed to locate **all** responsive records to my request. At a minimum, that search should include searches using the specific investigative identifiers identified in my request, including DEA case number C1-110049, OCDETF case NY-NYS0829, Operation Chain Reaction, OFC-TP-15-12392, SODOFC-15-12392, the May 18, 2015 "Target Profile: Epstein," and Jeffrey Epstein's name as both a primary subject and cross-reference. DEA should also search all record systems reasonably likely to contain responsive investigative files, intelligence records, and communications, including those maintained by components identified in the request.

Best,
Jason

| | |
|---|---|
| Based on Denial of Fee Waiver | No |
| Based on Denial of Expedited Processing | No |
| Requester Item Type 1 | |
| Requester Items 1 | *No Attachment* |
| Requester Item Type 2 | |
| Requester Items 2 | *No Attachment* |
| Requester Item Type 3 | |
| Requester Items 3 | *No Attachment* |

Requester Contact Information

| | |
|---|---|
| Salutation | Mr. |
| First Name | Jason |
| Middle Name | |
| Last Name | Leopold |
| Email Address | jasonleopold@gmail.com |
| Organization | Bloomberg News |
| Register Number | |
| Phone Number | |
| Fax Number | |

Other Information

| | |
|---|---|
| Address Type | Home |
| Country | United States |
| Address Line 1 | |
| Address Line 2 | |
| Military Branch | |
| City | |
| Province | |
| State | |
| Zip/Postal Code | |

Expedited Processing Information

| | |
|---|---|
| Expedited Processing Requested? | No |
| Expedited Processing Request Date | |
| Expedited Processing Determination | |
| Standards for Expedition | |
| Expedited Justification | |
| Workflow State | Submitted |

Records Management

| | |
|---|---|
| Workflow Status | Submitted |
| Disposition Date | |
| Marked for Disposition | |
| Disposition Confirmed | |
| Disposition Confirmed By | |